## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CAROLANN SENATOR-RUDAT,    )
                                     )
        Plaintiff,          )
                                     )
vs.                             )
                                   )     NO.
JAMES SOUTHARD, STEVE    )
SOUTHARD AND AUTO MEMORIES )
CLASSIC CARS, LLC,       )
                                   )
        Defendants.     )

## COMPLAINT

**NOW COMES** CarolAnn Senator-Rudat ("Plaintiff" or "Mrs. Senator") and for her Complaint against James Southard, Steve Southard, and Auto Memories Classic Cars, LLC, states:

## THE PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is an individual citizen of New Hampshire, residing in the city of Pelham.

2.    Defendant James Southard is an individual citizen of Georgia.

3.    Defendant Steve Southard is an individual citizen of Georgia.

4.    Defendant Auto Memories Classic Cars, LLC ("Defendant Auto Memories") is a Georgia limited liability company, headquartered in Georgia. On information and belief, James Southard is its sole member.

5.      The Court has subject matter jurisdiction over this action because it arises, *inter alia*, under the federal Odometer Act, 49 U.S.C. §32701, and, therefore, sets out a federal question for jurisdictional purposes. *See* 28 U.S.C. §1331.

6.      The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      The Court has personal jurisdiction over Defendants, because James and Steve Southard are Georgia citizens, Defendant Auto Memories is headquartered in Georgia, and on information and belief, James Southard is the sole member of Defendant Auto Memories.  Further, they each conduct substantial business within the Northern District of Georgia.

8.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(a), because Defendants reside in this District and a substantial part of the events giving rise to this action occurred in this District.

## FACTS COMMON TO ALL COUNTS

9.      For more than thirty-five years, Defendant James Southard has been in the business of dealing and/or trading antique, a/k/a "classic," automobiles.

10.      From January 3, 2018 through the present, James Southard conducted this business through, or using the trade name of, Defendant Auto Memories.

11.    Defendant Steve Southard is Defendant James Southard's adult son. Since at least March 2018, Defendant Steve Southard has worked closely with his father and Defendant Auto Memories to deal antique automobiles.

12.    Plaintiff, a senior citizen, is not a professional automobile trader, and has no professional experience in the purchase and sale of automobiles.

13.    As detailed *infra*, between March and June 2018, Plaintiff purchased ten (10) antique automobiles from Defendants.  Plaintiff Senator's purpose, and sole motivation, in doing so was to resell these vehicles at a profit in order to support and fund various philanthropic/charitable causes.

### The First Transaction

14.    On or about **April 12-13, 2018**, Mrs. Senator purchased a 1989 Ford Bronco, VIN 1FMEU15H1KLA72093 (the "First Car"), from Defendants for $15,900.

15.    Mrs. Senator's purchase is evidenced by an executed Bill of Sale, signed by James Southard.

16.    Defendants advertised the vehicle on a prominent automobile auction and advertising website, Hemmings.com, as having been driven only 70,000 miles. Defendant James Southard, furthermore, personally represented to Mrs. Senator that the vehicle had been driven only 70,000 miles.

17.    Despite receiving $15,900 for the vehicle over one (1) year ago,

Defendants have not delivered same to Mrs. Senator.

18.     Indeed, as of early October 2018, Defendants again were actively attempting to sell the First Car (via eBay).

19.     Further, after purchasing the vehicle, Mrs. Senator discovered that it had been driven substantially more miles than Defendants had represented to Mrs. Senator.

20.     Neither Mrs. Senator, nor anyone representing her, inspected the First Car before she purchased it.

21.     Instead, and in addition to her reliance upon Defendants' representations regarding mileage, Mrs. Senator relied upon representations made by Defendants regarding the car's physical condition, ownership history, maintenance history and/or that substantial maintenance records had been maintained and would be provided to her.

22.     After purchasing the vehicle, Mrs. Senator discovered that many of those representations also were false.

**The Second Transaction**

23.     On or about **April 19, 2018**, Mrs. Senator purchased a 1996 Ford Bronco, VIN 1FMEU15H2TLA19114 (the "Second Car"), from Defendants for $15,900.

24.     Defendant James Southard represented to Mrs. Senator that the

vehicle had been driven only 180,000 miles.

25.    Despite receiving $15,900 for the vehicle over one (1) year ago, Defendants have not delivered same to Mrs. Senator.

26.    Further, after purchasing the vehicle, Mrs. Senator discovered that it had been driven substantially more miles than Defendants had represented.

27.    Neither Mrs. Senator, nor anyone representing her, inspected the Second Car before she purchased it.

28.    Instead, and in addition to her reliance upon Defendants' representations regarding mileage, Mrs. Senator relied upon representations made by Defendants regarding the car's physical condition, ownership history, maintenance history and/or that substantial maintenance records had been maintained and would be provided to her.

29.    After purchasing the vehicle, Mrs. Senator discovered that many of those representations also were false.

## The Third Transaction

30.    Also on or about April 19, 2018, Mrs. Senator purchased a 1989 Ford Bronco, VIN 1FMEU15H8LLB24272 (the "Third Car"), from Defendants for $16,900.

31.    Defendants advertised the vehicle on Hemmings.com as having been driven only 62,000 miles.  Defendant James Southard also represented to Mrs.

Senator that the vehicle had been driven only 62,000 miles.

32.     Despite receiving $16,900 for the vehicle over one (1) year ago, Defendants have not delivered same to Mrs. Senator.

33.     Further, after purchasing the vehicle, Mrs. Senator discovered that it had been driven substantially more miles than Defendants had represented.

34.     Neither Mrs. Senator, nor anyone representing her, inspected the Third Car before she purchased it.

35.     Instead, and in addition to her reliance upon Defendants' representations regarding mileage, Mrs. Senator relied upon representations made by Defendants regarding the car's physical condition, ownership history, maintenance history and/or that substantial maintenance records had been maintained and would be provided to her.

36.     After purchasing the vehicle, Mrs. Senator discovered that many of those representations also were false.

**The Fourth Transaction**

37.     On or about **April 27, 2018** Mrs. Senator purchased a 1990 Ford Bronco, VIN 1FMEU15H5LLA50910 (the "Fourth Car"), from Defendants for $17,900.

38.     Mrs. Senator's purchase is evidenced by an executed Bill of Sale, signed by James Southard.

39.     Defendant James Southard represented to Mrs. Senator that the vehicle had been driven only 94,000 miles.

40.     After purchasing the vehicle, Mrs. Senator discovered that it had been driven substantially more miles than Defendants had represented.

41.     Neither Mrs. Senator, nor anyone representing her, inspected the Fourth Car before she purchased it.

42.     Instead, and in addition to her reliance upon Defendants' representations regarding mileage, Mrs. Senator relied upon representations made by Defendants regarding the car's physical condition, ownership history, maintenance history and/or that substantial maintenance records had been maintained and would be provided to her.

43.     After purchasing the vehicle, Mrs. Senator discovered that many of those representations also were false.

## The Fifth Transaction

44.     Also on or about April 27, 2018 Mrs. Senator purchased a 1989 Ford Bronco, VIN 1FMEU15H4KLB19827 (the "Fifth Car"), from Defendants for $18,900.

45.     Defendant James Southard represented to Mrs. Senator that the vehicle had been driven only 113,000 miles.

46.     Despite receiving $18,900 for the vehicle over one (1) year ago,

Defendants have not delivered same to Mrs. Senator.

47.     Indeed, as of early October 2018, Defendants again were actively attempting to sell the Fifth Car (via eBay).

48.     Further, after purchasing the vehicle, Mrs. Senator discovered that it actually had been driven substantially more miles than Defendants had represented.

49.     Neither Mrs. Senator, nor anyone representing her, inspected the Fifth Car before she purchased it.

50.     Instead, and in addition to her reliance upon Defendants' representations regarding mileage, Mrs. Senator relied upon representations made by Defendants regarding the car's physical condition, ownership history, maintenance history and/or that substantial maintenance records had been maintained and would be provided to her.

51.     After purchasing the vehicle, Mrs. Senator discovered that many of those representations also were false.

## The Sixth Transaction

52.     On or about **May 16, 2018**, Mrs. Senator purchased a 1989 "Eddie Bauer" Ford Bronco, VIN 1FMEU15N7KLA56387 (the "Sixth Car"), from Defendants for $12,900.

53.     Defendants advertised the vehicle on Hemmings.com as having been driven only 134,000 miles.  Defendant James Southard also represented to Mrs.

Senator that the vehicle had been driven only 134,000 miles.

54.     Despite receiving $12,900 for the vehicle over one (1) year ago, Defendants have not delivered same to Mrs. Senator.

55.     Further, after purchasing the vehicle, Mrs. Senator discovered that it had been driven substantially more miles than Defendants had represented.

## The Seventh Transaction

56.     Also on or about May 16, 2018, Mrs. Senator purchased a 1991 Ford Bronco, VIN 1FMEU15N9MLA18288 (the "Seventh Car"), from Defendants for $18,900.

57.     Mrs. Senator's purchase is evidenced by an executed Bill of Sale, signed by James Southard.

58.     Defendant James Southard represented to Mrs. Senator that the vehicle had been driven only 137,000 miles.

59.     After purchasing the vehicle, Mrs. Senator discovered that it had been driven substantially more miles than Defendants had represented.

60.     Neither Mrs. Senator, nor anyone representing her, inspected the Seventh Car before she purchased it.

61.     Instead, and in addition to her reliance upon Defendants' representations regarding mileage, Mrs. Senator relied upon representations made by Defendants regarding the car's physical condition, ownership history,

maintenance history and/or that substantial maintenance records had been maintained and would be provided to her.

62.     After purchasing the vehicle, Mrs. Senator discovered that many of those representations also were false.

## The Eighth Transaction

63.     Also on or about May 16, 2018, Mrs. Senator purchased a 1992 Ford Bronco, VIN 1FMEU15N6NLA94925 (the "Eighth Car"), from Defendants for $12,900.

64.     Mrs. Senator's purchase is evidenced by an executed Bill of Sale, signed by James Southard.

65.     Defendants, thereafter, were authorized by Mrs. Senator to resell the car on Mrs. Senator's behalf for no less than $15,000.

66.     On or before June 28, 2018, Defendants resold the automobile on Mrs. Senator's behalf.

67.     Despite doing so over one (1) year ago and in spite of repeated demands, Defendants have not remitted the sales proceeds, in an amount exceeding $15,000, to Mrs. Senator. A true and correct copy of one such demand is attached hereto as Exhibit A.

## The Ninth Transaction

68.     Also on or about May 16, 2018, Mrs. Senator purchased a 1967

Dodge Charger, VIN XP291172200561 (the "Ninth Car"), from Defendants for $19,000.

69.     Despite receiving $19,000 for the vehicle over one (1) year ago, Defendants have not delivered same to Mrs. Senator.

70.     Indeed, since selling the car to Mrs. Senator and receiving her funds, Defendants have advertised the Ninth Car for resale, including but not limited to, on Hemmings.com.

## The Tenth Transaction

71.     On or about **June 4, 2018**, Mrs. Senator purchased a 1985 Ford Bronco, VIN 1FMEU15H6FLA55926 (the "Tenth Car"), from Defendants for $17,600.

72.     Mrs. Senator's purchase is evidenced by an executed Bill of Sale, signed by James Southard.

73.     Defendant James Southard represented to Mrs. Senator that the vehicle had been driven only 41,100 miles.

74.     Despite receiving $17,600 for the vehicle over one (1) year ago, Defendants have not delivered same to Mrs. Senator.

75.     After purchasing the vehicle, Mrs. Senator discovered that it had been driven substantially more miles than Defendants had represented.

76.     Neither Mrs. Senator, nor anyone representing her, inspected the

Tenth Car before she purchased it.

77.    Instead, and in addition to her reliance upon Defendants' representations regarding mileage, Mrs. Senator relied upon representations made by Defendants regarding the car's physical condition, ownership history, maintenance history and/or that substantial maintenance records had been maintained and would be provided to her.

78.    After purchasing the vehicle, Mrs. Senator discovered that many of those representations also were false.

## The "Montana Bronco"

79.    In early May, 2018, Mrs. Senator purchased a 1988 Ford Bronco from a seller in Montana (the "Montana Bronco").  On or about **May 12, 2018**, Mrs. Senator's husband delivered the Montana Bronco to Defendants (per their suggestion), because it appeared in need of transmission repairs.  Defendants represented to Mrs. Senator that they knew able and qualified mechanics who could properly repair the vehicle.  Defendants themselves were not authorized, and on information and belief, not qualified to make the needed repairs.

80.    Defendants, however, disassembled the vehicle and merely left it on their garage floor.

81.    Despite repeated demand, furthermore, Defendants have refused to allow Mrs. Senator to retrieve her vehicle.  A true and correct copy of one such

demand is attached hereto as Exhibit B.

## COUNT 1
### (Rescission)

82.    Plaintiff repeats and realleges the allegations of paragraphs 1-81, above, as if fully set forth herein.

83.    Defendants represented to Mrs. Senator that the First Car had been driven only 70,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the First Car and paid $15,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the First Car, but also because the First Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 70,000 miles.

84.    Mrs. Senator has offered to relinquish, and thus tendered, all rights to the First Car and demanded return of her purchase payment.

85.    Mrs. Senator hereby demands that the First Transaction be rescinded, and that she be reimbursed the purchase price, damages, costs and expenses.

86.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 2
### (Fraud)

87.    Plaintiff repeats and realleges the allegations of paragraphs 1-86, above, as if fully set forth herein.

88.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 1.

89.    Defendants represented to Mrs. Senator that the First Car had been driven only 70,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the First Car and paid $15,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the First Car, but also because the First Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 70,000 miles.

90.     Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

91.     Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 3
### (Aiding and Abetting and/or Conspiracy to Defraud)

92.     Plaintiff repeats and realleges the allegations of paragraphs 1-91, above, as if fully set forth herein.

93.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 1.

94.     Defendants agreed among themselves to represent to Mrs. Senator that the First Car had been driven only 70,000 miles.  That representation was false. Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the First Car and paid $15,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the First Car, but also because the First Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 70,000 miles.

95.     Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

96.     Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 4
### (Negligent Misrepresentation)

97.     Plaintiff repeats and realleges the allegations of paragraphs 1-96, above, as if fully set forth herein.

98.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 1.

99.     Defendants represented to Mrs. Senator that the First Car had been driven only 70,000 miles.  That representation was false.  Defendants should have known that the representation was false, and they intended for her to rely upon it. In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the First Car and paid $15,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the First Car, but also because the First Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 70,000 miles.

100.   Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

101.   Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 5
### (Breach of Contract)

102.   Plaintiff repeats and realleges the allegations of paragraphs 1-101, above, as if fully set forth herein.

103.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 1.

104.   Mrs. Senator and Defendants agreed that Mrs. Senator would pay Defendants $15,900 to purchase the First Car which had been driven only 70,000 miles.

105.   Mrs. Senator paid Defendants $15,900 and otherwise satisfied all conditions precedent, and fully performed her obligations, under that agreement.

106.   Without justification or excuse, Defendants materially breached the agreement, by failing to deliver the First Car and by the fact that the First Car had been driven more than 70,000 miles.

107.   Due to Defendants' material breach of the agreement, Mrs. Senator is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

## COUNT 6
### (Violation of Federal Odometer Act)

108.   Plaintiff repeats and realleges the allegations of paragraphs 1-107, above, as if fully set forth herein.

109.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 1.

110.   Pursuant to the Federal Odometer Act, a "person may not . . . disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer."  49 U.S.C. §32703.

111.   Furthermore, "a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:  . . . that the  actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled."  49 U.S.C. §32705(a).

112.   Moreover, "[a] person transferring ownership of a motor vehicle may not . . . give a false statement to the transferee in making the disclosure required." *Id.*

113.   "A person that violates this chapter . . . with intent to defraud is liable

for 3 times the actual damages or $10,000, whichever is greater."  49 U.S.C. §32710(a).  "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."  49 U.S.C. §32710(b).

114.    Defendants misrepresented to Mrs. Senator the actual mileage of the First Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

115.    Defendants, therefore, have violated the Federal Odometer Act and are liable to Mrs. Senator for damages, costs and attorneys' fees.

<u>**COUNT 7**</u>
**(Violation of Fair Business Practices Act)**

116.    Plaintiff repeats and realleges the allegations of paragraphs 1-115, above, as if fully set forth herein.

117.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 1.

118.    "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are . . . unlawful."  OCGA §10-1-393(a).

119.    "Any violation of 49 U.S.C. Sections 32702 through 32704 and any violation of regulations prescribed under 49 U.S.C. Section 32705" is an unfair or deceptive act or practice.  OCGA §10-1-393(b)(15).

120.    "Any person who suffers injury or damages as a result of  . . .

consumer acts or practices in violation of this part. . . may bring an action . . . and recover . . . her general and exemplary damages."  OCGA §10-1-399(a).  "[A] court shall award three times actual damages for an intentional violation."  OCGA §10-1-399(c).  "[T]he person injured . . . shall . . . be awarded reasonable attorneys' fees and expenses of litigation."  OCGA §10-1-399(d).

121.    Defendants misrepresented to Mrs. Senator the actual mileage of the First Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

122.    Defendants, therefore, have violated the Federal Odometer Act and, likewise, the Fair Business Practices Act.

123.    Defendants are liable to Mrs. Senator for general and exemplary damages, treble damages, costs and attorneys' fees.

## COUNT 8
### (Rescission)

124.    Plaintiff repeats and realleges the allegations of paragraphs 1-123, above, as if fully set forth herein.

125.    Defendants represented to Mrs. Senator that the Second Car had been driven only 180,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Second Car and paid $15,900 to Defendants.  Mrs. Senator has been damaged by

Defendants, not only because they have failed to deliver the Second Car, but also because the Second Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 180,000 miles.

126.     Mrs. Senator has offered to relinquish, and thus tendered, all rights to the Second Car and demanded return of her purchase payment.

127.     Mrs. Senator hereby demands that the Second Transaction be rescinded, and that she be reimbursed the purchase price, damages, costs and expenses.

128.     Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 9
### (Fraud)

129.     Plaintiff repeats and realleges the allegations of paragraphs 1-128, above, as if fully set forth herein.

130.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 8.

131.     Defendants represented to Mrs. Senator that the Second Car had been driven only 180,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable

reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Second Car and paid $15,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Second Car, but also because the Second Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 180,000 miles.

132.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

133.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 10
### (Aiding and Abetting and/or Conspiracy to Defraud)

134.    Plaintiff repeats and realleges the allegations of paragraphs 1-133, above, as if fully set forth herein.

135.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 8.

136.    Defendants agreed among themselves to represent to Mrs. Senator that the Second Car had been driven only 180,000 miles.  That representation was false. Defendants knew that the representation was false and intended to deceive Mrs.

Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Second Car and paid $15,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Second Car, but also because the Second Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 180,000 miles.

137.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

138.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 11
### (Negligent Misrepresentation)

139.    Plaintiff repeats and realleges the allegations of paragraphs 1-138, above, as if fully set forth herein.

140.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 8.

141.    Defendants represented to Mrs. Senator that the Second Car had been driven only 180,000 miles.  That representation was false.  Defendants should have

known that the representation was false, and they intended for her to rely upon it. In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Second Car and paid $15,900 to Defendants. Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Second Car, but also because the Second Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 180,000 miles.

142.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

143.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 12
### (Breach of Contract)

144.    Plaintiff repeats and realleges the allegations of paragraphs 1-143, above, as if fully set forth herein.

145.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 8.

146.    Mrs. Senator and Defendants agreed that Mrs. Senator would pay

Defendants $15,900 to purchase the Second Car which had been driven only 180,000 miles.

147.    Mrs. Senator paid Defendants $15,900 and otherwise satisfied all conditions precedent, and fully performed her obligations, under that agreement.

148.    Without justification or excuse, Defendants materially breached the agreement, by failing to deliver the Second Car and by the fact that the Second Car had been driven more than 180,000 miles.

149.    Due to Defendants' material breach of the agreement, Mrs. Senator is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

## COUNT 13
### (Violation of Federal Odometer Act)

150.    Plaintiff repeats and realleges the allegations of paragraphs 1-149, above, as if fully set forth herein.

151.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 8.

152.    Pursuant to the Federal Odometer Act, a "person may not . . . disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer."  49 U.S.C. §32703.

153.    Furthermore, "a person transferring ownership of a motor vehicle

shall give the transferee the following written disclosure: . . . that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled." 49 U.S.C. §32705(a).

154.    Moreover, "[a] person transferring ownership of a motor vehicle may not . . . give a false statement to the transferee in making the disclosure required." *Id.*

155.    "A person that violates this chapter . . . with intent to defraud is liable for 3 times the actual damages or $10,000, whichever is greater." 49 U.S.C. §32710(a). "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person." 49 U.S.C. §32710(b).

156.    Defendants misrepresented to Mrs. Senator the actual mileage of the Second Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

157.    Defendants, therefore, have violated the Federal Odometer Act and are liable to Mrs. Senator for damages, costs and attorneys' fees.

## **COUNT 14**
### **(Violation of Fair Business Practices Act)**

158.    Plaintiff repeats and realleges the allegations of paragraphs 1-157, above, as if fully set forth herein.

159.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 8.

160.   "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are . . . unlawful."  OCGA §10-1-393(a).

161.   "Any violation of 49 U.S.C. Sections 32702 through 32704 and any violation of regulations prescribed under 49 U.S.C. Section 32705" is an unfair or deceptive act or practice.  OCGA §10-1-393(b)(15).

162.   "Any person who suffers injury or damages as a result of  . . . consumer acts or practices in violation of this part. . . may bring an action . . . and recover . . . her general and exemplary damages."  OCGA §10-1-399(a).  "[A] court shall award three times actual damages for an intentional violation."  OCGA §10-1-399(c).  "[T]he person injured  . . .  shall  . . .  be awarded reasonable attorneys' fees and expenses of litigation."  OCGA §10-1-399(d).

163.   Defendants misrepresented to Mrs. Senator the actual mileage of the Second Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

164.   Defendants, therefore, have violated the Federal Odometer Act and, likewise, the Fair Business Practices Act.

165.   Defendants are liable to Mrs. Senator for general and exemplary damages, treble damages, costs and attorneys' fees.

## COUNT 15
### (Rescission)

166.    Plaintiff repeats and realleges the allegations of paragraphs 1-165, above, as if fully set forth herein.

167.    Defendants represented to Mrs. Senator that the Third Car had been driven only 62,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.   In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Third Car and paid $16,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Third Car, but also because the Third Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 62,000 miles.

168.    Mrs. Senator has offered to relinquish, and thus tendered, all rights to the Third Car and demanded return of her purchase payment.

169.    Mrs. Senator hereby demands that the Third Transaction be rescinded, and that she be reimbursed the purchase price, damages, costs and expenses.

170.   Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

### COUNT 16
### (Fraud)

171.   Plaintiff repeats and realleges the allegations of paragraphs 1-170, above, as if fully set forth herein.

172.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 15.

173.   Defendants represented to Mrs. Senator that the Third Car had been driven only 62,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Third Car and paid $16,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Third Car, but also because the Third Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 62,000 miles.

174.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

175.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 17
### (Aiding and Abetting and/or Conspiracy to Defraud)

176.    Plaintiff repeats and realleges the allegations of paragraphs 1-175, above, as if fully set forth herein.

177.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 15.

178.    Defendants agreed among themselves to represent to Mrs. Senator that the Third Car had been driven only 62,000 miles.  That representation was false. Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Third Car and paid $16,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Third Car, but also because the Third Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven

70,000 miles.

179.     Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

180.     Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 18
### (Negligent Misrepresentation)

181.     Plaintiff repeats and realleges the allegations of paragraphs 1-180, above, as if fully set forth herein.

182.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 15.

183.     Defendants represented to Mrs. Senator that the Third Car had been driven only 62,000 miles.  That representation was false.  Defendants should have known that the representation was false, and they intended for her to rely upon it. In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Third Car and paid $16,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Third Car, but also because the Third Car is not in the condition that it was represented to

be and as valuable as it would have been if it had only been driven 62,000 miles.

184.     Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

185.     Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 19
## (Breach of Contract)

186.     Plaintiff repeats and realleges the allegations of paragraphs 1-185, above, as if fully set forth herein.

187.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 15.

188.     Mrs. Senator and Defendants agreed that Mrs. Senator would pay Defendants $16,900 to purchase the Third Car which had been driven only 62,000 miles.

189.     Mrs. Senator paid Defendants $16,900 and otherwise satisfied all conditions precedent, and fully performed her obligations, under that agreement.

190.     Without justification or excuse, Defendants materially breached the agreement, by failing to deliver the Third Car and by the fact that the Third Car

had been driven more than 62,000 miles.

191.    Due to Defendants' material breach of the agreement, Mrs. Senator is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

## COUNT 20
### (Violation of Federal Odometer Act)

192.    Plaintiff repeats and realleges the allegations of paragraphs 1-191, above, as if fully set forth herein.

193.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 15.

194.    Pursuant to the Federal Odometer Act, a "person may not . . . disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer."  49 U.S.C. §32703.

195.    Furthermore, "a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:  . . . that the  actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled."  49 U.S.C. §32705(a).

196.    Moreover, "[a] person transferring ownership of a motor vehicle may not . . . give a false statement to the transferee in making the disclosure required." *Id.*

197.   "A person that violates this chapter . . . with intent to defraud is liable for 3 times the actual damages or $10,000, whichever is greater."   49 U.S.C. §32710(a).   "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."   49 U.S.C. §32710(b).

198.   Defendants misrepresented to Mrs. Senator the actual mileage of the Third Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

199.   Defendants, therefore, have violated the Federal Odometer Act and are liable to Mrs. Senator for damages, costs and attorneys' fees.

## COUNT 21
### (Violation of Fair Business Practices Act)

200.   Plaintiff repeats and realleges the allegations of paragraphs 1-199, above, as if fully set forth herein.

201.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 15.

202.   "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are . . . unlawful."  OCGA §10-1-393(a).

203.   "Any violation of 49 U.S.C. Sections 32702 through 32704 and any violation of regulations prescribed under 49 U.S.C. Section 32705" is an unfair or deceptive act or practice.  OCGA §10-1-393(b)(15).

204.   "Any person who suffers injury or damages as a result of  . . . consumer acts or practices in violation of this part. . . may bring an action . . . and recover . . . her general and exemplary damages."   OCGA §10-1-399(a).   "[A] court shall award three times actual damages for an intentional violation."   OCGA §10-1-399(c).   "[T]he person injured . . . shall . . . be awarded reasonable attorneys' fees and expenses of litigation."  OCGA §10-1-399(d).

205.   Defendants misrepresented to Mrs. Senator the actual mileage of the Third Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

206.   Defendants, therefore, have violated the Federal Odometer Act and, likewise, the Fair Business Practices Act.

207.   Defendants are liable to Mrs. Senator for general and exemplary damages, treble damages, costs and attorneys' fees.

## COUNT 22
### (Rescission)

208.   Plaintiff repeats and realleges the allegations of paragraphs 1-207, above, as if fully set forth herein.

209.   Defendants represented to Mrs. Senator that the Fourth Car had been driven only 94,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the

Fourth Car and paid $17,900 to Defendants.  Mrs. Senator has been damaged by Defendants, because the Fourth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 94,000 miles.

210.    Mrs. Senator has offered to relinquish, and thus tendered, all rights to the Fourth Car and demanded return of her purchase payment.

211.    Mrs. Senator hereby demands that the Fourth Transaction be rescinded, and that she be reimbursed the purchase price, damages, costs and expenses.

212.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 23
### (Fraud)

213.    Plaintiff repeats and realleges the allegations of paragraphs 1-212, above, as if fully set forth herein.

214.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 22.

215.    Defendants represented to Mrs. Senator that the Fourth Car had been driven only 94,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable

reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Fourth Car and paid $17,900 to Defendants.  Mrs. Senator has been damaged by Defendants, because the Fourth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 94,000 miles.

216.   Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

217.   Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 24
### (Aiding and Abetting and/or Conspiracy to Defraud)

218.   Plaintiff repeats and realleges the allegations of paragraphs 1-217, above, as if fully set forth herein.

219.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 22.

220.   Defendants agreed among themselves to represent to Mrs. Senator that the Fourth Car had been driven only 94,000 miles.  That representation was false. Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator

agreed to purchase the Fourth Car and paid $17,900 to Defendants. Mrs. Senator has been damaged by Defendants, because the Fourth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 70,000 miles.

221.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

222.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 25
### (Negligent Misrepresentation)

223.    Plaintiff repeats and realleges the allegations of paragraphs 1-222, above, as if fully set forth herein.

224.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 22.

225.    Defendants represented to Mrs. Senator that the Fourth Car had been driven only 94,000 miles. That representation was false. Defendants should have known that the representation was false, and they intended for her to rely upon it. In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to

purchase the Fourth Car and paid $17,900 to Defendants.  Mrs. Senator has been damaged by Defendants, because the Fourth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 94,000 miles.

226.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

227.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 26
### (Breach of Contract)

228.    Plaintiff repeats and realleges the allegations of paragraphs 1-227, above, as if fully set forth herein.

229.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 22.

230.    Mrs. Senator and Defendants agreed that Mrs. Senator would pay Defendants $17,900 to purchase the Fourth Car which had been driven only 94,000 miles.

231.    Mrs. Senator paid Defendants $17,900 and otherwise satisfied all

conditions precedent, and fully performed her obligations, under that agreement.

232.    Without justification or excuse, Defendants materially breached the agreement, by the fact that the Fourth Car had been driven more than 94,000 miles.

233.    Due to Defendants' material breach of the agreement, Mrs. Senator is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

### COUNT 27
### (Violation of Federal Odometer Act)

234.    Plaintiff repeats and realleges the allegations of paragraphs 1-233, above, as if fully set forth herein.

235.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 22.

236.    Pursuant to the Federal Odometer Act, a "person may not . . . disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer."  49 U.S.C. §32703.

237.    Furthermore, "a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:  . . . that the  actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled."  49 U.S.C. §32705(a).

238.    Moreover, "[a] person transferring ownership of a motor vehicle may

not . . . give a false statement to the transferee in making the disclosure required."
*Id.*

239.    "A person that violates this chapter . . . with intent to defraud is liable for 3 times the actual damages or $10,000, whichever is greater."  49 U.S.C. §32710(a).  "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."  49 U.S.C. §32710(b).

240.    Defendants misrepresented to Mrs. Senator the actual mileage of the Fourth Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

241.    Defendants, therefore, have violated the Federal Odometer Act and are liable to Mrs. Senator for damages, costs and attorneys' fees.

## COUNT 28
### (Violation of Fair Business Practices Act)

242.    Plaintiff repeats and realleges the allegations of paragraphs 1-241, above, as if fully set forth herein.

243.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 22.

244.    "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are . . . unlawful."  OCGA §10-1-393(a).

245.    "Any violation of 49 U.S.C. Sections 32702 through 32704 and any

violation of regulations prescribed under 49 U.S.C. Section 32705" is an unfair or deceptive act or practice.  OCGA §10-1-393(b)(15).

246.   "Any person who suffers injury or damages as a result of  . . . consumer acts or practices in violation of this part. . . may bring an action . . . and recover . . . her general and exemplary damages."  OCGA §10-1-399(a).  "[A] court shall award three times actual damages for an intentional violation."  OCGA §10-1-399(c).  "[T]he person injured . . . shall . . . be awarded reasonable attorneys' fees and expenses of litigation."  OCGA §10-1-399(d).

247.   Defendants misrepresented to Mrs. Senator the actual mileage of the Fourth Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

248.   Defendants, therefore, have violated the Federal Odometer Act and, likewise, the Fair Business Practices Act.

249.   Defendants are liable to Mrs. Senator for general and exemplary damages, treble damages, costs and attorneys' fees.

## COUNT 29
**(Rescission)**

250.   Plaintiff repeats and realleges the allegations of paragraphs 1-249, above, as if fully set forth herein.

251.   Defendants represented to Mrs. Senator that the Fifth Car had been driven only 113,000 miles.  That representation was false.  Defendants knew that

the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Fifth Car and paid $18,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Fifth Car, but also because the Fifth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 113,000 miles.

252.    Mrs. Senator has offered to relinquish, and thus tendered, all rights to the Fifth Car and demanded return of her purchase payment.

253.    Mrs. Senator hereby demands that the Fifth Transaction be rescinded, and that she be reimbursed the purchase price, damages, costs and expenses.

254.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 30
### (Fraud)

255.    Plaintiff repeats and realleges the allegations of paragraphs 1-254, above, as if fully set forth herein.

256.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 29.

257.    Defendants represented to Mrs. Senator that the Fifth Car had been

driven only 113,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Fifth Car and paid $18,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Fifth Car, but also because the Fifth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 113,000 miles.

258.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

259.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 31
### (Aiding and Abetting and/or Conspiracy to Defraud)

260.    Plaintiff repeats and realleges the allegations of paragraphs 1-259, above, as if fully set forth herein.

261.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 29.

262.    Defendants agreed among themselves to represent to Mrs. Senator that

the Fifth Car had been driven only 113,000 miles.  That representation was false.

Defendants knew that the representation was false and intended to deceive Mrs.

Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator

agreed to purchase the Fifth Car and paid $18,900 to Defendants.  Mrs. Senator has

been damaged by Defendants, not only because they have failed to deliver the Fifth

Car, but also because the Fifth Car is not in the condition that it was represented to

be and as valuable as it would have been if it had only been driven 113,000 miles.

263.    Mrs. Senator hereby demands that she be reimbursed for her damages,

costs and expenses, together with prejudgment interest to the date of judgment in

this matter.

264.    Defendants' actions show willful misconduct, malice, fraud,

wantonness, oppression and that entire want of care which raises a presumption of

conscious indifference to the consequences, and accordingly Plaintiff is entitled to

an award of punitive damages against Defendants.

## COUNT 32
### (Negligent Misrepresentation)

265.    Plaintiff repeats and realleges the allegations of paragraphs 1-264,

above, as if fully set forth herein.

266.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count

is pleaded in the alternative to Count 29.

267.    Defendants represented to Mrs. Senator that the Fifth Car had been

driven only 113,000 miles.  That representation was false.  Defendants should have known that the representation was false, and they intended for her to rely upon it. In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Fifth Car and paid $18,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Fifth Car, but also because the Fifth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 113,000 miles.

268.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

269.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 33
### (Breach of Contract)

270.    Plaintiff repeats and realleges the allegations of paragraphs 1-269, above, as if fully set forth herein.

271.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 29.

272.    Mrs. Senator and Defendants agreed that Mrs. Senator would pay

Defendants $18,900 to purchase the Fifth Car which had been driven only 113,000 miles.

273.    Mrs. Senator paid Defendants $18,900 and otherwise satisfied all conditions precedent, and fully performed her obligations, under that agreement.

274.    Without justification or excuse, Defendants materially breached the agreement, by failing to deliver the Fifth Car and by the fact that the Fifth Car had been driven more than 113,000 miles.

275.    Due to Defendants' material breach of the agreement, Mrs. Senator is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

## COUNT 34
### (Violation of Federal Odometer Act)

276.    Plaintiff repeats and realleges the allegations of paragraphs 1-275, above, as if fully set forth herein.

277.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 29.

278.    Pursuant to the Federal Odometer Act, a "person may not . . . disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer."  49 U.S.C. §32703.

279.    Furthermore, "a person transferring ownership of a motor vehicle

shall give the transferee the following written disclosure:  . . . that the  actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled."  49 U.S.C. §32705(a).

280.   Moreover, "[a] person transferring ownership of a motor vehicle may not . . . give a false statement to the transferee in making the disclosure required." *Id.*

281.   "A person that violates this chapter . . . with intent to defraud is liable for 3 times the actual damages or $10,000, whichever is greater."  49 U.S.C. §32710(a).  "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."  49 U.S.C. §32710(b).

282.   Defendants misrepresented to Mrs. Senator the actual mileage of the Fifth Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

283.   Defendants, therefore, have violated the Federal Odometer Act and are liable to Mrs. Senator for damages, costs and attorneys' fees.

## COUNT 35
### (Violation of Fair Business Practices Act)

284.   Plaintiff repeats and realleges the allegations of paragraphs 1-283, above, as if fully set forth herein.

285.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 29.

286.   "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are . . . unlawful."  OCGA §10-1-393(a).

287.   "Any violation of 49 U.S.C. Sections 32702 through 32704 and any violation of regulations prescribed under 49 U.S.C. Section 32705" is an unfair or deceptive act or practice.  OCGA §10-1-393(b)(15).

288.   "Any person who suffers injury or damages as a result of  . . . consumer acts or practices in violation of this part. . . may bring an action . . . and recover . . . her general and exemplary damages."  OCGA §10-1-399(a).  "[A] court shall award three times actual damages for an intentional violation."  OCGA §10-1-399(c).  "[T]he person injured . . . shall . . . be awarded reasonable attorneys' fees and expenses of litigation."  OCGA §10-1-399(d).

289.   Defendants misrepresented to Mrs. Senator the actual mileage of the Fifth Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

290.   Defendants, therefore, have violated the Federal Odometer Act and, likewise, the Fair Business Practices Act.

291.   Defendants are liable to Mrs. Senator for general and exemplary damages, treble damages, costs and attorneys' fees.

## **COUNT 36**

**(Rescission)**

292.    Plaintiff repeats and realleges the allegations of paragraphs 1-291, above, as if fully set forth herein.

293.    Defendants represented to Mrs. Senator that the Sixth Car had been driven only 134,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Sixth Car and paid $12,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Sixth Car, but also because the Sixth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 134,000 miles.

294.    Mrs. Senator has offered to relinquish, and thus tendered, all rights to the Sixth Car and demanded return of her purchase payment.

295.    Mrs. Senator hereby demands that the Sixth Transaction be rescinded, and that she be reimbursed the purchase price, damages, costs and expenses.

296.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## **COUNT 37**

**(Fraud)**

297.    Plaintiff repeats and realleges the allegations of paragraphs 1-296, above, as if fully set forth herein.

298.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 36.

299.    Defendants represented to Mrs. Senator that the Sixth Car had been driven only 134,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Sixth Car and paid $12,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Sixth Car, but also because the Sixth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 134,000 miles.

300.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

301.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 38
### (Aiding and Abetting and/or Conspiracy to Defraud)

302.    Plaintiff repeats and realleges the allegations of paragraphs 1-301, above, as if fully set forth herein.

303.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 36.

304.    Defendants agreed among themselves to represent to Mrs. Senator that the Sixth Car had been driven only 134,000 miles.  That representation was false. Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Sixth Car and paid $12,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Sixth Car, but also because the Sixth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 134,000 miles.

305.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

306.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 39
### (Negligent Misrepresentation)

307.    Plaintiff repeats and realleges the allegations of paragraphs 1-306, above, as if fully set forth herein.

308.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 36.

309.    Defendants represented to Mrs. Senator that the Sixth Car had been driven only 134,000 miles.  That representation was false.  Defendants should have known that the representation was false, and they intended for her to rely upon it. In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Sixth Car and paid $12,900 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Sixth Car, but also because the Sixth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 134,000 miles.

310.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

311.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 40
### (Breach of Contract)

312.    Plaintiff repeats and realleges the allegations of paragraphs 1-311, above, as if fully set forth herein.

313.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 36.

314.    Mrs. Senator and Defendants agreed that Mrs. Senator would pay Defendants $12,900 to purchase the Sixth Car which had been driven only 134,000 miles.

315.    Mrs. Senator paid Defendants $12,900 and otherwise satisfied all conditions precedent, and fully performed her obligations, under that agreement.

316.    Without justification or excuse, Defendants materially breached the agreement, by failing to deliver the Sixth Car and by the fact that the Sixth Car had been driven more than 134,000 miles.

317.    Due to Defendants' material breach of the agreement, Mrs. Senator is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

## COUNT 41
### (Violation of Federal Odometer Act)

318.    Plaintiff repeats and realleges the allegations of paragraphs 1-317, above, as if fully set forth herein.

319.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 36.

320.    Pursuant to the Federal Odometer Act, a "person may not . . . disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer."  49 U.S.C. §32703.

321.    Furthermore, "a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:  . . . that the   actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled."  49 U.S.C. §32705(a).

322.    Moreover, "[a] person transferring ownership of a motor vehicle may not . . . give a false statement to the transferee in making the disclosure required." *Id.*

323.    "A person that violates this chapter . . . with intent to defraud is liable

for 3 times the actual damages or $10,000, whichever is greater."  49 U.S.C. §32710(a).  "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."  49 U.S.C. §32710(b).

324.    Defendants misrepresented to Mrs. Senator the actual mileage of the Sixth Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

325.    Defendants, therefore, have violated the Federal Odometer Act and are liable to Mrs. Senator for damages, costs and attorneys' fees.

## COUNT 42
### (Violation of Fair Business Practices Act)

326.    Plaintiff repeats and realleges the allegations of paragraphs 1-325, above, as if fully set forth herein.

327.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 36.

328.    "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are . . . unlawful."  OCGA §10-1-393(a).

329.    "Any violation of 49 U.S.C. Sections 32702 through 32704 and any violation of regulations prescribed under 49 U.S.C. Section 32705" is an unfair or deceptive act or practice.  OCGA §10-1-393(b)(15).

330.    "Any person who suffers injury or damages as a result of  . . .

consumer acts or practices in violation of this part. . . may bring an action . . . and recover . . . her general and exemplary damages."  OCGA §10-1-399(a).  "[A] court shall award three times actual damages for an intentional violation."  OCGA §10-1-399(c).  "[T]he person injured . . . shall . . . be awarded reasonable attorneys' fees and expenses of litigation."  OCGA §10-1-399(d).

331.   Defendants misrepresented to Mrs. Senator the actual mileage of the Sixth Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

332.   Defendants, therefore, have violated the Federal Odometer Act and, likewise, the Fair Business Practices Act.

333.   Defendants are liable to Mrs. Senator for general and exemplary damages, treble damages, costs and attorneys' fees.

## COUNT 43
### (Rescission)

334.   Plaintiff repeats and realleges the allegations of paragraphs 1-333, above, as if fully set forth herein.

335.   Defendants represented to Mrs. Senator that the Seventh Car had been driven only 137,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Seventh Car and paid $18,900 to Defendants.  Mrs. Senator has been damaged by

Defendants, because the Seventh Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 137,000 miles.

336.   Mrs. Senator has offered to relinquish, and thus tendered, all rights to the Seventh Car and demanded return of her purchase payment.

337.   Mrs. Senator hereby demands that the Seventh Transaction be rescinded, and that she be reimbursed the purchase price, damages, costs and expenses.

338.   Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 44
### (Fraud)

339.   Plaintiff repeats and realleges the allegations of paragraphs 1-338, above, as if fully set forth herein.

340.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 43.

341.   Defendants represented to Mrs. Senator that the Seventh Car had been driven only 137,000 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable

reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Seventh Car and paid $18,900 to Defendants. Mrs. Senator has been damaged by Defendants, because the Seventh Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 137,000 miles.

342.     Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

343.     Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

### COUNT 45
### (Aiding and Abetting and/or Conspiracy to Defraud)

344.     Plaintiff repeats and realleges the allegations of paragraphs 1-343, above, as if fully set forth herein.

345.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 43.

346.     Defendants agreed among themselves to represent to Mrs. Senator that the Seventh Car had been driven only 137,000 miles. That representation was false. Defendants knew that the representation was false and intended to deceive

Mrs. Senator.   In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Seventh Car and paid $18,900 to Defendants.  Mrs. Senator has been damaged by Defendants, because the Seventh Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 137,000 miles.

347.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

348.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 46
### (Negligent Misrepresentation)

349.    Plaintiff repeats and realleges the allegations of paragraphs 1-348, above, as if fully set forth herein.

350.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 43.

351.    Defendants represented to Mrs. Senator that the Seventh Car had been driven only 137,000 miles.  That representation was false.  Defendants should have known that the representation was false, and they intended for her to rely upon it.

In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Seventh Car and paid $18,900 to Defendants.  Mrs. Senator has been damaged by Defendants, because the Seventh Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 137,000 miles.

352.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

353.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## **COUNT 47**
### **(Breach of Contract)**

354.    Plaintiff repeats and realleges the allegations of paragraphs 1-353, above, as if fully set forth herein.

355.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 43.

356.    Mrs. Senator and Defendants agreed that Mrs. Senator would pay Defendants $18,900 to purchase the Seventh Car which had been driven only 70,000 miles.

357.    Mrs. Senator paid Defendants $18,900 and otherwise satisfied all conditions precedent, and fully performed her obligations, under that agreement.

358.    Without justification or excuse, Defendants materially breached the agreement by the fact that the Seventh Car had been driven more than 137,000 miles.

359.    Due to Defendants' material breach of the agreement, Mrs. Senator is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

## COUNT 48
### (Violation of Federal Odometer Act)

360.    Plaintiff repeats and realleges the allegations of paragraphs 1-359, above, as if fully set forth herein.

361.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 43.

362.    Pursuant to the Federal Odometer Act, a "person may not . . . disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer."  49 U.S.C. §32703.

363.    Furthermore, "a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:  . . . that the  actual mileage is unknown, if the transferor knows that the odometer reading is different

from the number of miles the vehicle has actually traveled." 49 U.S.C. §32705(a).

364. Moreover, "[a] person transferring ownership of a motor vehicle may not . . . give a false statement to the transferee in making the disclosure required." *Id.*

365. "A person that violates this chapter . . . with intent to defraud is liable for 3 times the actual damages or $10,000, whichever is greater." 49 U.S.C. §32710(a). "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person." 49 U.S.C. §32710(b).

366. Defendants misrepresented to Mrs. Senator the actual mileage of the Seventh Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

367. Defendants, therefore, have violated the Federal Odometer Act and are liable to Mrs. Senator for damages, costs and attorneys' fees.

## COUNT 49
### (Violation of Fair Business Practices Act)

368. Plaintiff repeats and realleges the allegations of paragraphs 1-367, above, as if fully set forth herein.

369. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 43.

370. "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are . . .

unlawful." OCGA §10-1-393(a).

371.   "Any violation of 49 U.S.C. Sections 32702 through 32704 and any violation of regulations prescribed under 49 U.S.C. Section 32705" is an unfair or deceptive act or practice. OCGA §10-1-393(b)(15).

372.   "Any person who suffers injury or damages as a result of  . . . consumer acts or practices in violation of this part. . . may bring an action . . . and recover . . . her general and exemplary damages." OCGA §10-1-399(a). "[A] court shall award three times actual damages for an intentional violation." OCGA §10-1-399(c). "[T]he person injured . . . shall . . . be awarded reasonable attorneys' fees and expenses of litigation." OCGA §10-1-399(d).

373.   Defendants misrepresented to Mrs. Senator the actual mileage of the Seventh Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

374.   Defendants, therefore, have violated the Federal Odometer Act and, likewise, the Fair Business Practices Act.

375.   Defendants are liable to Mrs. Senator for general and exemplary damages, treble damages, costs and attorneys' fees.

## COUNT 50
### (Breach of Contract)

376.   Plaintiff repeats and realleges the allegations of paragraphs 1-375, above, as if fully set forth herein.

377.   Mrs. Senator and Defendants agreed that Defendants would resell the Eighth Car on Mrs. Senator's behalf for no less than $15,000.

378.   On or before June 28, 2018, Defendants resold the Eighth Car on Mrs. Senator's behalf.

379.   Defendants have not remitted the sales proceeds, in an amount exceeding $15,000, to Mrs. Senator.

380.   Mrs. Senator satisfied all conditions precedent, and fully performed her obligations, under their  agreement.

381.   Without justification or excuse, Defendants materially breached the agreement, by failing to deliver the sales proceeds, in an amount exceeding $15,000, to Mrs. Senator.

382.   Due to Defendants' material breach of the agreement, Mrs. Senator is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

## COUNT 51
### (Fraud)

383.   Plaintiff repeats and realleges the allegations of paragraphs 1-382, above, as if fully set forth herein.

384.   Defendants promised to pay Mrs. Senator no less than $15,000 if they were able to resell the Eighth Car on Mrs. Senator's behalf.

385.   Defendants made their promise with the intension that they would not,

in fact, pay Mrs. Senator no less than $15,000 if they were able to resell the Eighth Car on Mrs. Senator's behalf. Defendants intended to deceive Mrs. Senator. In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to permit Defendants to resell the Eighth Car on her behalf.

386.    On or before June 28, 2018, Defendants resold the Eighth Car on Mrs. Senator's behalf.

387.    Defendants have not remitted the sales proceeds, in an amount exceeding $15,000, to Mrs. Senator.

388.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

389.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 52
### (Conversion and/or Trespass)

390.    Plaintiff repeats and realleges the allegations of paragraphs 1-389, above, as if fully set forth herein.

391.    Despite repeated demand, Defendants have refused to remit to Mrs. Senator the proceeds of their resale of the Eighth Car on her behalf.

392.    Defendants, therefore, have unlawfully converted those proceeds to their own uses.

393.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

394.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 53
### (Breach of Contract)

395.    Plaintiff repeats and realleges the allegations of paragraphs 1-394, above, as if fully set forth herein.

396.    On or about May 16, 2018, Mrs. Senator purchased the Ninth Car from Defendants for $19,000.

397.    Despite receiving $19,000 for the vehicle over one (1) year ago, Defendants have not delivered same to Mrs. Senator.

398.    Indeed, since selling the car to Mrs. Senator and receiving her funds, Defendants have advertised the Ninth Car for resale, including but not limited to, on Hemmings.com.

399.    Mrs. Senator satisfied all conditions precedent, and fully performed

her obligations, under their agreement.

400. Without justification or excuse, Defendants materially breached the agreement, by failing to deliver the Ninth Car to Mrs. Senator.

401. Due to Defendants' material breach of the agreement, Mrs. Senator is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

## COUNT 54
### (Fraud)

402. Plaintiff repeats and realleges the allegations of paragraphs 1-401, above, as if fully set forth herein.

403. Defendants promised to pay sell and deliver the Ninth Car to Mrs. Senator in exchange for $19,000.

404. Defendants made their promise with the intension that they would not, in fact, sell and deliver the Ninth Car to Mrs. Senator on payment of $19,000. Defendants intended to deceive Mrs. Senator. In reasonable reliance on Defendants' misrepresentation, Mrs. Senator paid Defendants $19,000.

405. Defendants have not delivered the Ninth Car to Mrs. Senator.

406.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

407.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 55
### (Conversion and/or Trespass)

408.    Plaintiff repeats and realleges the allegations of paragraphs 1-407, above, as if fully set forth herein.

409.    Despite repeated demand, Defendants have refused to remit to Mrs. Senator the Ninth Car.

410.    Defendants, therefore, have unlawfully the Ninth Car and Mrs. Senator's $19,000 to their own uses.

411.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

412.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of

conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 56
### (Rescission)

413.    Plaintiff repeats and realleges the allegations of paragraphs 1-412, above, as if fully set forth herein.

414.    Defendants represented to Mrs. Senator that the Tenth Car had been driven only 41,100 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Tenth Car and paid $17,600 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Tenth Car, but also because the Tenth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 41,100 miles.

415.    Mrs. Senator has offered to relinquish, and thus tendered, all rights to the Tenth Car and demanded return of her purchase payment.

416.    Mrs. Senator hereby demands that the Tenth Transaction be rescinded, and that she be reimbursed the purchase price, damages, costs and expenses.

417.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of

conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 57
### (Fraud)

418.   Plaintiff repeats and realleges the allegations of paragraphs 1-417, above, as if fully set forth herein.

419.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 56.

420.   Defendants represented to Mrs. Senator that the Tenth Car had been driven only 41,100 miles.  That representation was false.  Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Tenth Car and paid $17,600 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Tenth Car, but also because the Tenth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 41,100 miles.

421.   Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

422.   Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of

conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 58
### (Aiding and Abetting and/or Conspiracy to Defraud)

423.    Plaintiff repeats and realleges the allegations of paragraphs 1-422, above, as if fully set forth herein.

424.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 56.

425.    Defendants agreed among themselves to represent to Mrs. Senator that the Tenth Car had been driven only 41,100 miles.  That representation was false. Defendants knew that the representation was false and intended to deceive Mrs. Senator.  In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Tenth Car and paid $17,600 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Tenth Car, but also because the Tenth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 41,100 miles.

426.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

427.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 59
### (Negligent Misrepresentation)

428.    Plaintiff repeats and realleges the allegations of paragraphs 1-427, above, as if fully set forth herein.

429.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 56.

430.    Defendants represented to Mrs. Senator that the Tenth Car had been driven only 41,100 miles.  That representation was false.  Defendants should have known that the representation was false, and they intended for her to rely upon it. In reasonable reliance on Defendants' misrepresentation, Mrs. Senator agreed to purchase the Tenth Car and paid $17,600 to Defendants.  Mrs. Senator has been damaged by Defendants, not only because they have failed to deliver the Tenth Car, but also because the Tenth Car is not in the condition that it was represented to be and as valuable as it would have been if it had only been driven 41,100 miles.

431.   Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

432.   Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 60
### (Breach of Contract)

433.   Plaintiff repeats and realleges the allegations of paragraphs 1-432, above, as if fully set forth herein.

434.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 56.

435.   Mrs. Senator and Defendants agreed that Mrs. Senator would pay Defendants $17,600 to purchase the Tenth Car which had been driven only 41,100 miles.

436.   Mrs. Senator paid Defendants $17,600 and otherwise satisfied all conditions precedent, and fully performed her obligations, under that agreement.

437.   Without justification or excuse, Defendants materially breached the agreement, by failing to deliver the Tenth Car and by the fact that the Tenth Car had been driven more than 70,000 miles.

438.   Due to Defendants' material breach of the agreement, Mrs. Senator is entitled to damages, together with prejudgment interest to the date of judgment in this matter.

**COUNT 61**
**(Violation of Federal Odometer Act)**

439.   Plaintiff repeats and realleges the allegations of paragraphs 1-438, above, as if fully set forth herein.

440.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 56.

441.   Pursuant to the Federal Odometer Act, a "person may not . . . disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer."  49 U.S.C. §32703.

442.   Furthermore, "a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:  . . . that the   actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled."  49 U.S.C. §32705(a).

443.   Moreover, "[a] person transferring ownership of a motor vehicle may not . . . give a false statement to the transferee in making the disclosure required." *Id.*

444.   "A person that violates this chapter . . . with intent to defraud is liable

for 3 times the actual damages or $10,000, whichever is greater."  49 U.S.C. §32710(a).  "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."  49 U.S.C. §32710(b).

445.  Defendants misrepresented to Mrs. Senator the actual mileage of the Tenth Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

446.  Defendants, therefore, have violated the Federal Odometer Act and are liable to Mrs. Senator for damages, costs and attorneys' fees.

## COUNT 62
### (Violation of Fair Business Practices Act)

447.  Plaintiff repeats and realleges the allegations of paragraphs 1-446, above, as if fully set forth herein.

448.  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 56.

449.  "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are . . . unlawful."  OCGA §10-1-393(a).

450.  "Any violation of 49 U.S.C. Sections 32702 through 32704 and any violation of regulations prescribed under 49 U.S.C. Section 32705" is an unfair or deceptive act or practice.  OCGA §10-1-393(b)(15).

451.  "Any person who suffers injury or damages as a result of  . . .

consumer acts or practices in violation of this part. . . may bring an action . . . and recover . . . her general and exemplary damages."  OCGA §10-1-399(a).  "[A] court shall award three times actual damages for an intentional violation."  OCGA §10-1-399(c).  "[T]he person injured . . . shall . . . be awarded reasonable attorneys' fees and expenses of litigation."  OCGA §10-1-399(d).

452.    Defendants misrepresented to Mrs. Senator the actual mileage of the Tenth Car and did not give to Mrs. Senator a disclosure that the actual mileage is unknown.

453.    Defendants, therefore, have violated the Federal Odometer Act and, likewise, the Fair Business Practices Act.

454.    Defendants are liable to Mrs. Senator for general and exemplary damages, treble damages, costs and attorneys' fees.

## COUNT 63
### (Money Had and Received)

455.    Plaintiff repeats and realleges the allegations of paragraphs 1-454, above, as if fully set forth herein.

456.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this count is pleaded in the alternative to Count 1, 8, 15, 22, 29, 36, 43, and 56.

457.    Defendants have been paid over $130,000 for the purchase of multiple automobiles that have not been delivered to Mrs. Senator (and one that was resold by Defendants on Mrs. Senator's behalf).  Defendants have retained that money

through imposition or other undue advantage taken of Mrs. Senator's situation, contrary to law and good conscience.

458.   Defendants have given Mrs. Senator nothing of value in return for that money.   As a result, Defendants have received and have now had in their possession for many months money plus interest which, in equity and good conscience, should be repaid to Mrs. Senator.

459.   Defendants, by engaging in the conduct alleged herein, have acted intentionally, willfully, and maliciously, and in conscious disregard of Mrs. Senator's rights and interests, and with the purpose of injuring her and depriving her of her rights.  As a result, Mrs. Senator is entitled to an award of exemplary or punitive damages, in an amount sufficient to punish Defendants and deter future misconduct.

## COUNT 64
### (Conversion and/or Trespass)

460.   Plaintiff repeats and realleges the allegations of paragraphs 1-459, above, as if fully set forth herein.

461.   In early May, 2018, Mrs. Senator purchased the Montana Bronco.  On or about May 12, 2018, Mrs. Senator's husband delivered the Montana Bronco to Defendants (per their suggestion), because it appeared in need of transmission repairs.  Defendants represented to Mrs. Senator that they knew able and qualified mechanics who could properly repair the vehicle.  Defendants themselves were not

authorized, and on information and belief, not qualified to make the needed repairs.

462.    Defendants, however, disassembled the vehicle and merely left it on their garage floor.

463.    Despite repeated demand, furthermore, Defendants have refused to allow Mrs. Senator to retrieve her vehicle.  A true and correct copy of one such demand is attached hereto as Exhibit B.

464.    Defendants, therefore, have both damaged and unlawfully converted the Montana Bronco to their own uses.

465.    Mrs. Senator hereby demands that she be reimbursed for her damages, costs and expenses, together with prejudgment interest to the date of judgment in this matter.

466.    Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT 65
### (Attorney's Fees)

467.    Plaintiff repeats and realleges the allegations of paragraphs 1-466, above, as if fully set forth herein.

468.    Defendants have acted in bad faith, been stubbornly litigious and caused Mrs. Senator unnecessary trouble and expense, and therefore, she is entitled

to recover her expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. §13-6-11 or otherwise.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

**WHEREFORE**, Plaintiff CarolAnn Senator-Rudat respectfully prays for judgment in her favor and against Defendants as follows:

(a)   Rescinding transactions and returning to Mrs. Senator the money remitted therein, plus interest;

(b)   In the alternative, awarding Mrs. Senator presumed, special and general damages, together with interest thereon;

(c)   Awarding Mrs. Senator punitive damages in an amount to be determined by the enlightened conscience of the jury;

(d)   Awarding Mrs. Senator her reasonable attorneys' fees, costs and expenses of litigation of prosecuting this action pursuant to O.C.G.A. §13-6-11 or as otherwise permitted by law; and

(e)   Awarding Mrs. Senator such other and further relief as this Court deems just and proper.

Dated this 18th day of May, 2020.

Respectfully submitted,

CAROLANN SENATOR-RUDAT,

By _____

 J. David Hopkins, Esq.
 Georgia Bar No. 366505
 J. David Hopkins Law, LLC
 130 Barksdale Drive
 Atlanta, Ga. 30309
 404-353-5184 (o)
 dhopkins@jdhopkinslaw.com