# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| CAROLANN SENATOR-RUDAT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:20-CV-02131-ELR |
| | * | |
| JAMES SOUTHARD, | * | |
| STEVE SOUTHARD, and | * | |
| AUTO MEMORIES CLASSIC CARS, LLC, | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

# O R D E R

_____

On October 21, 2020, Mr. Keith Logue, counsel of record for Defendants James Southard, Steve Southard, and Auto Memories Classic Cars, LLC, filed a "Motion for Permission to Withdraw as Counsel for Defendants James Southard, Steve Southard, and Auto Memories Classic Cars, LLC." [Doc. 23]. For good cause shown, and in compliance with Local Rule 83.1, the Court **GRANTS** Mr. Logue's motion. [Doc. 23]. The Court **DIRECTS** the Clerk to remove A. Keith Logue and his firm, Logue Law, P.C., as counsel of record for Defendants.

Defendant Auto Memories Classic Cars, LLC as a limited liability company, is an artificial, unincorporated entity. See Rolling Greens MHP, L.P. v. Comcast

SCH Holdings L.L.C., 374 F.3d 1020, 1021-1022 (11th Cir. 2004).  As such, Defendant cannot appear in federal court *pro se*, or representing itself, and instead, must be represented by counsel.  See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (artificial entities, such as corporations and limited partnerships, must be represented by counsel); see also Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) ("a limited liability company . . . may appear in federal court only through a licensed attorney"); IBEW-NECA Local 505 Welfare & Pension Plans v. R.D. Elec., L.L.C., No. CIV A 09-0011-KD-C, 2009 WL 981913, at *1 (S.D. Ala. Apr. 13, 2009) ("Limited liability companies . . . are considered to be artificial entities, and, as such, they cannot appear in federal court *pro se*.").

Therefore, like a corporation, (1) a limited liability company may only be represented in Court by an attorney; (2) an attorney must sign all pleadings submitted to the Court; and (3) failure to comply with this rule could result in sanctions, including default.  See L.R. 83.1(E)(2)(b)(I), NDGa.

In sum, because Defendant Auto Memories Classic Cars, LLC is a limited liability company, it must be represented by an attorney, and it may not proceed *pro se*.  The Court **ORDERS** Defendant Auto Memories Classic Cars, LLC to advise this Court within twenty-one (21) days from the date of entry of this order of the name and current address and telephone number of its new counsel.  Failure to

designate counsel for Auto Memories Classic Cars, LLC may result in a default being entered against it or other sanctions.

As for Defendants James Southard and Steve Southard (hereinafter, "individual Defendants"), the Court **ORDERS** individual Defendants to notify this Court within twenty-one (21) days from the date of entry of this order of the appointment of another attorney or their decision to represent themselves and appear *pro se*; and **ORDERS** individual Defendants to notify the Court of their current telephone number and address if they are proceeding *pro se*, or the current telephone number and address of their new attorney. See LR 83.1E(4), NDGa. Individual Defendants failure to comply with this order may result in sanctions, including a default judgment being entered against them.

The Court **DIRECTS** the Clerk to send copies of this order to Defendants James Southard, Steve Southard, and Auto Memories Classic Cars, LLC at 681 Cobb Pkwy. S, Marietta, GA 30060.

**SO ORDERED**, this 26th day of October, 2020.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia

3