UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLANN SENATOR-RUDAT, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:20-CV-02131-SEG |
| JAMES SOUTHARD, STEVE SOUTHARD, and AUTO MEMORIES CLASSIC CARS, LLC, | |
| Defendants. | |

**O R D E R**

This case is before the Court on the Plaintiff's Renewed Motion and Brief for Default Judgment (Doc. 41). In this action, Plaintiff seeks damages for fraud, breach of contract, conversion, and other causes of action relating to Plaintiff's purchase of several antique cars from Defendants.

Rule 55 of the Federal Rules of Civil Procedure provides guidance to a district court considering a plaintiff's motion for default judgment. Rule 55(b)(2) states that the court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (a) conduct an accounting; (b) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (d) investigate any other matter."

There is no categorical requirement that a hearing be conducted in all default judgment proceedings to fix the appropriate level of damages. *See, e.g., S.E.C. v. Smyth,* 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005) (explaining that an evidentiary hearing is not a *per se* requirement for entry of default judgment and may be omitted if all essential evidence is already of record). The Eleventh Circuit, however, has made it clear that a hearing should be held in all but those "limited circumstances" where "any additional evidence would be truly unnecessary to a fully informed determination of damages." *See id*; *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-47 (11th Cir. 2017) (holding, where damages were neither "liquidated nor capable of objectively ascertainable mathematical calculation," that district court "abused its discretion by entering the final default judgment before holding a hearing to determine damages and injunctive relief.").

The limited circumstances that justify default judgment for money damages without a hearing are not present in this case. In a 65-count complaint, Plaintiff seeks approximately $150,000 in damages, plus interest, relating to financial injuries sustained in numerous transactions involving at least eleven vehicles. Her evidence in support of such damages to date is a brief declaration from Plaintiff. There are no receipts, contracts, or other forms of documentary evidence on the record. "[A] court has an obligation to assure

that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir. 2003).  A hearing is necessary to make a fully informed determination as to damages.

The parties are accordingly **DIRECTED** to appear at an evidentiary hearing on Plaintiff's Renewed Motion for Default Judgment.  (Doc. 41.)  **The hearing shall be held at 10 A.M. on September 8, 2022, in Room 2306 of the United States District Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303.**

At the evidentiary hearing, Plaintiff shall present an accounting of the exact amount of damages Plaintiff claims in this case, along with evidence supporting the claimed damages with respect to each vehicle.  Plaintiff may present evidence through witness testimony, authenticated documentary evidence, and/or declarations or affidavits.  By September 5, 2022, Plaintiff shall file on the record of this case any documentary evidence Plaintiff intends to present at the hearing.

The Court recognizes that Plaintiff resides out of state.  As such, Plaintiff and/or any other witness may appear at the hearing either in person or by Zoom.  If any party wishes for a witness to appear by Zoom, the party shall so notify the Courtroom Deputy Clerk at least three (3) days before the hearing.

**SO ORDERED** this 25th day of August, 2022.

_____
SARAH E. GERAGHTY
United States District Judge